UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



08 CV 3005

---

SAUL SANTIAGO,

               Plaintiff,

v.

J M HEAFORD LIMITED and
JM HEAFORD, INC.,

               Defendants.

**NOTICE OF REMOVAL**

Civ. No. _____

---

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

Defendant, JM Heaford, Inc. hereby serves notice of the removal of this civil action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1441 and 1446, and in support thereof state as follows:

1.     On or about February 11, 2008, this action was commenced against Defendants by the filing of a Summons and Complaint in the Supreme Court of the State of New York in and for the County of Bronx (Civil Action No. 301158/08). A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A**.

2.     On or about March 4, 2008, Defendant JM Heaford, Inc. was served with a copy of the Summons and Complaint by personal delivery in the State of North Carolina.

3.     No other proceedings have been had in this action. Upon information and belief, defendant JM Heaford Ltd. has not been served.

4.     The above-captioned action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

5.      Regarding the amount in controversy, plaintiff alleges an injury while using equipment described as a Preprint Viper allegedly manufactured by the defendant.  Counsel has advised that the plaintiff allegedly sustained a crush injury to the hand, requiring corrective surgery, and resulting in "great pain and mental anguish resulting in continual care and treatment." .  (*See* Exhibit A, para. 20).  Plaintiffs complaint alleges negligence and breach of warranties proximately caused or contributed to plaintiff's injuries.  Upon information and belief, plaintiff's demand for compensatory relief is and will be in excess of $75,000.

6.      With respect to diversity of citizenship, plaintiff Saul Santiago alleges that he is a citizen and resident of the State of New York, County of Bronx.; Defendant JM Heaford Limited is a UK Limited Company existing under the laws of Great Britain.  Defendant JM Heaford, Inc. is a business corporation incorporated under the laws of the State of North Carolina, with a principal place of business in the State of North Carolina.

7.      Based upon the foregoing, it is respectfully submitted that there is complete diversity of citizenship among the Plaintiff and the Defendants in this action.

8.      Defendants' time to answer or move with respect to the complaint has not expired.

9.      This Notice of Removal is being filed within thirty (30) days after receipt by Defendant JM Heaford, Inc. of a copy of the summons and complaint and is timely filed under 28 U.S.C. §1446.

10.     Written notice of the filing of this Notice of Removal will be served upon the plaintiff as required by law.

11.     A true copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York for the County of Bronx as provided by law.

WHEREFORE, Defendants give notice that this action is removed from the Supreme

Court of the State of New York for the County of Bronx to this Court.


Dated: New York, New York
      March 24, 2008

                    Yours, etc.,

                    Biedermann, Reif, Hoenig & Ruff, P.C.

      By:       _____
                    Peter H. Cooper, Esq. (PHC 4714)
                    Attorneys for Defendants
                    570 Lexington Avenue, 16th Floor
                    New York, New York 10022
                    Telephone: (212) 697-6555


TO:    Elina Lacour, Esq.
        Galvano & Xanthakis
        Attorneys for Plaintiff
        150 Broadway, Suite 2100
        New York, New York 10038
        Telephone (212) 349-5150

# EXHIBIT A

Aetna

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

SAUL SANTIAGO,                                           Index No.: 301158 - 08

                          Plaintiff,              FEB 11 2008
                                                   **SUMMONS**
        -against-

                                                  Plaintiff's Residence:
J M HEAFORD LIMITED, JM HEAFORD, INC.             361 East 188th Street
                                                   Bronx, New York 10458
                          Defendant.
-------------------------------------------------------------X

To: Defendant(s)

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the plaintiff's(s') Attorneys within 20 days after the service of this
summons, exclusive of the date of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
herein.

        Plaintiff designates Bronx County as the place for trial.

        The basis for venue is plaintiff's residence.

        Date filed with County Clerk:

Dated:      New York, New York
            February 8, 2008

                              Yours, etc.,
                              GALVANO & XANTHAKIS
                              Attorneys for Plaintiff(s)

                       By:    _Elina Lecour_____

                              Elina Lecour, Esq.
                              150 Broadway, Suite 2100
                              New York, NY 10038
                              (212) 349-5150

TO:   JM Heaford Limited
      c/o JM Heaford, Inc.
      12450 Grey Commercial Drive

Midland, NC 28027



103. 15990

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
SAUL SANTIAGO,                                    Index No.: 3 0 1 1 5 8 /08

                          Plaintiff,              FEB 11 2008

        -against-                                 COMPLAINT

J M HEAFORD LIMITED, JM HEAFORD, INC.

                          Defendant.
---------------------------------------------------------------X

        Plaintiff, by his attorney, GALVANO & XANTHAKIS, P.C., upon information and

belief alleges as follows:

        1.      Plaintiff is a resident of Bronx County, State and City of New York.

        2.      Defendant JM HEAFORD LIMITED (JM, LTD) was and still is a foreign

corporation doing business in the State of New York.

        3.      Defendant JM, LTD was and still is a foreign corporation transacting business in

the State of New York.

        4.      JM, LTD is the manufacturer of equipment including but not limited to, the

Preprint Viper, Equipment No. 2030984 (hereinafter "equipment").

        5.      JM, LTD is the designer of the equipment.

        6.      JM, LTD is the seller of the equipment.

        7.      JM LTD placed, and continues to place, the equipment into the stream of

commerce in the State of New York.

        8.      JM LTD advertised and continues to advertise the equipment.

        9.      JM LTD sold and continues to sell the equipment.

        10.     Defendant JM HEAFORD, INC. (JM, INC) was and still is a foreign corporation

doing business in the State of New York.

11.     Defendant JM, INC, was and still is a foreign corporation transacting business in the State of New York.

12.     JM, INC is the manufacturer of the equipment.

13.     JM, INC maintained the equipment.

14.     JM, INC is the seller of the equipment.

15.     JM INC placed, and continues to place, the equipment into the stream of commerce in the State of New York.

16.     JM INC advertised and continues to advertise the equipment.

17.     JM INC sold and continues to sell the equipment.

18.     As placed into the stream of commerce and as manufactured and designed, the equipment was defective in that defendants were negligent in failing to properly design the equipment; negligent in manufacturing the equipment according to a design which they either knew, or in the exercise of reasonable diligence, should have known would create a defective, dangerous and unsafe instrumentality, or in failing to properly manufacture the equipment according to a proper design; in failing to take every precaution to insure that the equipment was properly manufactured and designed; in failing to properly or adequately inspect the equipment during design; and in failing to provide adequate warning to any user that the equipment was or could easily become a dangerous, unsafe and/or defective instrumentality.

<u>FIRST CAUSE OF ACTION</u>

19.     Plaintiff repeats and realleges each and every allegation of the complaint herein marked and numbered "1" through "18" with the same force and effect as herein set forth in detail.

20.     On or about February 6, 2007, while plaintiff was using the equipment as intended, the plaintiff, Saul Santiago, was seriously injured by the equipment, due solely to the above and later described negligence of the defendants and has suffered great pain and mental anguish resulting in continual care and treatment.

21.     Based on the foregoing, plaintiff has been damaged in the sum in excess of the jurisdictional limits of all the lower courts that would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

22.     Plaintiff repeats and realleges each and every allegation of the complaint herein marked and numbered "1" through "22" with the same force and effect as herein set forth in detail.

23.     Prior to the accident as aforesaid, plaintiff relied upon certain warranties made by defendants that the equipment was safe and fit for the use intended.

24.     In addition, thereto, the plaintiff relied upon implied warranties that the equipment was of merchantable quality.

25.     These warranties were breached by the defendants.  The equipment was defective, and defendants were negligent in failing to adequately manufacture, design, distribute said equipment in that it did not have any or adequate protection to the users thereof from injury to parts of the body, all contributing to the damages sustained by plaintiff as alleged herein. Furthermore, defendants failed to adequately warn of the danger inherent in the equipment's use.

26.     Based on the foregoing, plaintiff has been damaged in the sum in excess of the jurisdictional limits of all the lower courts that would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

27.    Plaintiff repeats and realleges each and every allegation of the complaint herein marked and numbered "1" through "26" with the same force and effect as herein set forth in detail.

28.    These equipment defects were major and a substantial factor contributing to the accident and resulting injuries and a proximate cause thereof.

29.    The equipment was being used for the purpose intended and in the manner prescribed.

30.    The plaintiff could not have discovered the defect and the danger with the equipment by use of reasonable care and diligence, and could not otherwise have averted the injuries or damages.

31.    The defects alleged above were the sole and proximate cause of the accident and injuries as alleged.

32.    As a result of the foregoing defendants are strictly liable for the injuries and damages suffered by the plaintiff.

33.    Based on the foregoing, plaintiff has been damaged in the sum in excess of the jurisdictional limits of all the lower courts that would otherwise have jurisdiction.

34.    One or more than one of the exceptions of CPLR Article 16 apply to this case.

WHEREFORE, plaintiffs demand judgment in the sum in excess of the jurisdictional limits of all the lower courts that would otherwise have jurisdiction, together with interest and the costs and fees of this action.

Dated:    New York, New York
          February 8, 2008

Yours, etc.,
GALVANO & XANTHAKIS
Attorneys for Plaintiff(s)

By: _Elina Lecour_____

Elina Lecour
150 Broadway, Suite 2100
New York, NY 10038
(212) 349-5150

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, duly admitted to practice law before the Courts of the State of New York, says:

That deponent is the attorney of record for the plaintiff in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true. Deponent further says that the reason this verification is made by deponent and not by the plaintiff is that the plaintiff resides in a county other than that in which deponent maintains her offices.

The grounds for deponent's belief as to all matters not stated upon her knowledge are investigations which she has made or has caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true.

Dated: New York, New York
         February 8, 2008

Elina Lecour

GALVANO & XANTHAKIS, P.C.

| Index No. | | Year 20 |
|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SAUL SANTIAGO,

Plaintiff,

-against-

J M HEAFORD LIMITED, JM HEAFORD, INC.

Defendant.

## SUMMONS AND COMPLAINT

### GALVANO & XANTHAKIS, P.C.

Attorney(s) for
Plaintiff.
Office and Post Office Address
**150 BROADWAY
SUITE 2100
NEW YORK, NEW YORK 10038
(212) 349-5150**

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                                     20
☐ *NOTICE OF SETTLEMENT*
that an order                                                                  of which the within is a true copy will be presented for
settlement to the HON.                                                                                             one of the
judges

of the within named Court, at
on the                              day of                              20          at              M.

Dated,

Yours, etc.
### GALVANO & XANTHAKIS, P.C.
Attorney(s) for
Office and Post Office Address
**150 BROADWAY
SUITE 2100
NEW YORK, NEW YORK 10038
(212) 349-5150**

To

Attorney(s) for