UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAUL SANTIAGO,                                               :

                  Plaintiff,                                  :        Civil Action No.:
                                                                       08cv3005(PAC-JCF)
   -against-                                                 :
                                                                       **ANSWER**

JM HEAFORD LIMITED and JM HEAFORD, INC.,    :

                  Defendants.                              :
------------------------------------------------------------------------X

      Defendant, JM Heaford Limited, by its attorneys Biedermann, Reif, Hoenig, & Ruff, P.C., as and for its Answer to the Complaint, alleges as follows:

      First:        Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "1", of the Verified Complaint.

      Second:     JM Heaford Limited denies as stated the allegations in paragraphs "2" and "3", of the complaint, and further answering, avers that JM Heaford Limited is a UK Limited Company doing business in the United States and the State of New York

      Third:       JM Heaford Limited denies as stated the allegations in paragraphs "4", "5", "6", "7", "8" and "9", of the complaint, and further answering, avers that JM Heaford Limited designs, assembles and sells certain equipment in the printing industry, and further responding, refers question of law to the Court.

      Fourth:     JM Heaford Limited denies as stated the allegations in paragraph "10", and further answering, avers that JM Heaford, Inc. is a North Carolina Corporation.

      Fifth:       JM Heaford Limited denies the allegations in paragraph "11", and further answering, refers questions of law to the Court.

Sixth: JM Heaford Limited denies each and every allegation contained in paragraphs "12", "13", "14", "15", "16", "17" and "18" of the Complaint.

## FIRST CAUSE OF ACTION

Seventh: In response to paragraph "19" of plaintiff's Complaint, JM Heaford repeats, reiterates and realleges each and every response set forth in paragraphs "First" through "Sixth" of this Answer with the same force and effect as if set forth fully at length herein.

Eighth: JM Heaford Limited denies each and every allegation contained in paragraphs "20" and "21" of the Complaint.

## SECOND CAUSE OF ACTION

Ninth: In response to paragraph "22" of plaintiff's Complaint, JM Heaford repeats, reiterates and realleges each and every response set forth in paragraphs "First" through "Eighth" of this Answer with the same force and effect as if set forth fully at length herein.

Tenth: JM Heaford Limited denies each and every allegation contained in paragraphs "23", "24", "25", and "26", of the Complaint.

## THIRD CAUSE OF ACTION

Eleventh: In response to paragraph "27" of the plaintiff's Complaint, Answering Defendants repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Tenth" of this Answer with the same force and effect as if set forth fully at length herein.

Twelfth: JM Heaford Limited denies each and every allegation contained in paragraphs "28", "29", "30", "31", "32", "33" and "34" of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

If plaintiff's decedent sustained or suffered damages as alleged in the Complaint, which

defendant JM Heaford Limited expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom JM Heaford Limited exercised no control or supervision, and not by reason of any negligent or culpable conduct of JM Heaford Limited.

## SECOND AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Complaint, which JM Heaford Limited expressly denies, such damages were caused in whole or in part by the plaintiff's negligence or other culpable conduct, and assumption of risk, and, to the extent of his culpability, plaintiff is barred from recovery or, alternatively, shall have her damages reduced in the proportion that plaintiff's culpable conduct bears to all conduct causing or contributing to said damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received.

## FOURTH AFFIRMATIVE DEFENSE

The accident set forth in the plaintiff's complaint was caused wholly and solely through the carelessness, negligence, and culpable conduct of the plaintiff, and without any fault or neglect or culpable conduct on the part of the answering defendant, and or that the accident allegedly causing the damages to plaintiff was due to his own contributory negligence and culpable conduct entirely or in part, which this answering defendants plead in diminution of damages.

## FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff are as a result of a misuse of the product by plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE

That the plaintiff assumed the risk of each and every condition, circumstance, or activity which may have caused or contributed to the accident or injuries alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

That pursuant to CPLR 1601, each injury and item of damage alleged in the complaint was caused or contributed to, in whole or in part, by culpable conduct attributable to persons other than the answering defendant, the relative culpability of which persons equals or exceeds fifty percent of the total culpability of all persons contributing to such injury or damage, by reason of which, if the answering defendant is found to be liable to the plaintiff herein, the liability of the answering defendant to the plaintiff for non-economic loss shall not exceed the answering defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## EIGHTH AFFIRMATIVE DEFENSE

That the plaintiff failed to mitigate his damages and, to the extent that the plaintiff so failed to mitigate his damages, is barred from recovering from the answering defendant.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, all or part of the costs of plaintiff's decedent's medical care, lost earnings or other economic loss may have been paid, replaced or indemnified, in whole or in part, from collateral sources, or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources, and to the extent, these answering defendants request that in the event plaintiff and/or plaintiff's decedent recovers any judgment herein, that such amount be reduced in accordance with CPLR §4545.

## TENTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff are as a result of a subsequent substantial alteration or modification of the product by persons or entities over which the answering defendant had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

That at all relevant times herein, defendant utilized proper methods of design, manufacture and sale with respect to any product at issue herein, in conformity with the state of the art and the knowledge and research of the scientific community.

## TWELFTH AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Complaint, which defendant JM Heaford Limited expressly denies, such damages were suffered and sustained by reason of an independent, intervening and/or superseding cause and not by reason of any negligent or culpable conduct of defendant JM Heaford Limited..

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant JM Heaford Limited did not have custody or control of the equipment or instrumentality at issue in plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant JM Heaford Limited did not have the requisite notice of any defective condition of the equipment or instrumentality at issue in plaintiff's Complaint.

## FIFTHEENTH AFFIRMATIVE DEFENSE

Defendant JM Heaford Limited denies it was guilty of any negligence which directly caused or proximately contributed to plaintiff's injuries.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel, waiver and spoliation of evidence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant JM Heaford Limited violated no duty owed to plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claim by plaintiff against JM Heaford Limited based on breach of warranty is barred by lack of privity and statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

If it should be proven that any product that was manufactured, sold, supplied or distributed by defendant JM Heaford Limited is involved in the incident upon which this action is based, any injuries which plaintiffs may have sustained were not due to any defect in the product itself but were due to the substantial changes, modifications, alterations or improper use of the product by persons other than defendant JM Heaford Limited its agents, servants, workmen and/or employees, which changes, modifications or alterations took place after the product left the control of defendant JM Heaford Limited.

### TWENTIETH AFFIRMATIVE DEFENSE

If it should be proven that any product which was manufactured, sold, supplied or distributed by defendant JM Heaford Limited, its agents, servants, workmen and/or employees, was involved in the incident upon which this action is based, any injury which plaintiffs may have sustained was caused by the improper, abnormal, unforeseeable and unintended use of this product by person and/or entities other than defendant JM Heaford Limited.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

One or more causes of action in the Complaint fails to state a cause of action upon which

relief may be granted.

WHEREFORE, JM Heaford Limited demands judgment dismissing the Complaint, along with the costs, disbursements, and fees associated with the defense of this action.

Dated: New York, New York
April 30, 2008

                          Yours, etc.

                          BIEDERMANN, REIF, HOENIG & RUFF, P.C.

                          By_____
                              Peter H. Cooper (PHC 4714)
                          570 Lexington Avenue – 16th Floor
                          New York, New York  10022
                          (212) 697-6555
                          Attorneys for Defendant
                          JM Heaford Limited

TO:    Galvano & Xanthakis
         Attorneys for Plaintiff
         150 Broadway, Suite 2100
         New York, New York 10038
         Telephone (212) 349-5150

         Cascone & Kluepfel, LLP
         Attorneys for Defendant
         JM Heaford, Inc.
         1399 Franklin Avenue, Suite 302
         Garden City, New York 11530
         Telephone (516) 747-1990

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )ss:
COUNTY OF NEW YORK  )

Secora M. Edey-Brathwaite, being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Kings County.

On the 30th day of April, 2008, deponent served the within **ANSWER** upon:

Galvano & Xanthakis
Attorneys for Plaintiff
150 Broadway, Suite 2100
New York, New York 10038

Cascone & Kluepfel, LLP
Attorneys for Defendant
JM Heaford, Inc.
1399 Franklin Avenue, Suite 302
Garden City, New York 11530

the address designated by said attorney by depositing same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

Secora M. Edey-Brathwaite

Sworn to before me this
30th day of April, 2008

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20 10